

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CV-16-1007

CHRISTY VEGA

APPELLANT

V.

ARKANSAS DEPARTMENT OF
HUMAN SERVICES AND MINOR
CHILDREN

APPELLEES

**Opinion Delivered** February 22, 2017

APPEAL FROM THE WASHINGTON
COUNTY CIRCUIT COURT
[NO. 72JV-15-480]

HONORABLE STACEY ZIMMERMAN,
JUDGE

AFFIRMED

## DAVID M. GLOVER, Judge

Christy Vega appeals from the termination of her parental rights to five of her children. She challenges the sufficiency of the evidence supporting the trial court's conclusion that termination was in the children's best interest. She does not challenge the evidence supporting the statutory grounds for termination. We affirm.

Christy has a total of nine children. Her three oldest children (J.F., D.F., and T.F.) are in their father's custody and have nothing to do with this appeal. The five children who are involved in this case are P.T., K.T.1, K.T.2, R.T.1, and R.T.2. The remaining child, A.T., was born during the pendency of this case and remains with Christy.

The Arkansas Department of Human Services involvement with this family began in March 2015 based on a true finding of medical neglect. A protection plan was subsequently created due to P.T.'s allegation of sexual abuse by her father, Markus Trantham. The children were to have no contact with Markus; Christy's mother, Dorothy Vega, was

SLIP OPINION

enlisted to monitor the protection plan. On June 4, 2015, the five children were placed in an emergency hold because Dorothy notified DHS she could no longer monitor the protection plan. There were also allegations these five children had contact with Markus after the protection plan had been implemented.

On August 5, 2015, the five children were adjudicated dependent-neglected based on findings of neglect, parental unfitness, housing instability, and exposure to domestic violence in the home. Christy's compliance with most of the plan was noted in a December 10, 2015 review order, and plans were set forth for unsupervised weekend visitation, to be followed by a trial home placement to begin on January 29, 2016. On January 12 and 15, 2016, however, DHS sought, and was subsequently granted, suspension of visitation until an emergency hearing could be held because Christy and her mother had an altercation with the children present, there were reports of skin rashes and head lice following visits, and in addition, there were allegations that P.T. had begun to exhibit concerning sexual behaviors after visits. (Markus was eventually arrested for rape on March 23, 2016.) The goal of the case was eventually changed to adoption following a May 13, 2016 permanency-planning hearing in which the trial court concluded that neither parent had made significant progress toward reunification and that they were not in full compliance with the case plan or the court's orders. The trial court further noted that Christy had failed to keep her children safe from harm and had not demonstrated she could protect them.

On June 13, 2016, DHS filed a petition to terminate Christy and Markus's parental rights to the five children involved in this appeal. The termination hearing was held on

August 17, 2016, and the parental rights of both parents were terminated by order entered

August 31, 2016. Only Christy's parental rights are involved in this appeal.

We review termination-of-parental-rights cases de novo. *Shawkey v. Arkansas Dep't of Human Servs.*, 2017 Ark. App. 2, ____ S.W.3d ____. At least one statutory ground must exist, in addition to a finding that it is in the children's best interest to terminate parental rights. *Id.* An order terminating parental rights must be based on clear and convincing evidence. *Id.*; Ark. Code Ann. § 9-27-341 (Repl. 2015). On appeal, we examine whether the trial court's finding that a disputed fact was proved by clear and convincing evidence is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support the finding, after reviewing all of the evidence, we are left with a definite and firm conviction that a mistake has been made. *Campbell v. Arkansas Dep't of Human Servs.*, 2017 Ark. App. 82. Credibility determinations are left to the fact-finder. *Shawkey, supra.* The intent behind the termination-of-parental-rights statute is to provide permanency in a child's life when it is not possible to return the child to the family home because it is contrary to the child's health, safety, or welfare, and a return to the family home cannot be accomplished in a reasonable period of time as viewed from the child's perspective. *Id.*

In making a "best-interest" determination, the trial court is required to consider two factors:  1) the likelihood that the child will be adopted, and 2) the potential of harm to the child if custody is returned to a parent. *Id.* Adoptability is a factor that must be considered by the trial court, but it is not an essential element. *Id.* Similarly, the trial court must consider the potential harm of returning a child to a parent, but it does not have to identify a specific potential harm or have it proved by clear and convincing evidence. *Id.* The trial court

conducts its potential-harm analysis in broad terms. *Id.* It is the overall "best–interest" finding that must be supported by clear and convincing evidence. *Id.*

**Potential Harm.** The major thrust of Christy's argument under this point is that the trial court's finding of potential harm is undercut by the fact that DHS did not remove the infant, A.T., from the home. She cites no legal authority for her argument, which is also not persuasive. Eight children were removed from the home. The three oldest children, as previously mentioned, were placed with their father and are not part of this appeal. The five children involved in this appeal were removed from the home, and termination proceedings were eventually pursued. The ninth child was born after the case was underway. Major concerns for the trial court included testimony that P.T. made allegations of sexual abuse by Markus, that Christy and her mother were reluctant to believe the allegations, and that the domestic violence and sexual abuse in the home resulted in the post–traumatic–stress disorder exhibited by P.T. The trial court specifically found "that there [was] ongoing, deep–seated familial chaos in this case and that to return any of the children to the custody of a parent would subject the children to undue, serious risk of harm." We are not left with a definite and firm conviction that the trial court was mistaken in finding there was a potential for harm if the children were returned.

**Adoptability.** Christy's basic argument regarding adoptability focuses only on P.T., contending there was no evidence to establish that P.T. was adoptable; rather, the testimony demonstrated how hard it would be to find adoptive parents for P.T. We disagree.

As with the potential-harm factor, the likelihood of adoption is a factor that must be considered by the trial court, but it does not have to be established by clear and convincing

evidence. A caseworker's testimony is sufficient to support an adoptability finding. *Barnes v. Arkansas Dep't of Human Servs.*, 2016 Ark. App. 618, ___ S.W.3d ___. Here, the family-service worker, Yosida Phaypanya, specifically testified that P.T. is adoptable. Yosida explained that, despite P.T.'s issues, she is very sociable with other people, including children and her therapist, and that P.T. had made progress in therapy that supported her being adopted. The CASA report and the therapist's report supported that assessment noting P.T.'s progress with therapy, that she was not demonstrating sexualized behaviors nor physical or verbal aggression, that she was working hard during individual and group sessions to process her thoughts and feelings, and that she was demonstrating sociable tendencies, enjoying interactions with other children, and exhibiting happiness and a loving nature. We find no clear error with the trial court's adoptability finding.

Following our de novo review, we are not left with a definite and firm conviction that the trial court made a mistake in concluding it was in the children's best interest to terminate Christy's parental rights.

Affirmed.

GRUBER, C.J., and KLAPPENBACH, J., agree.

*Tina Bowers Lee*, Ark. Pub. Def. Comm'n, for appellant.

*Mary Goff*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor children.