
# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-16-1128

|  |  |
|---|---|
| MELISSA HOLLAND | **Opinion Delivered** April 5, 2017 |
| APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. 16JV-15-49] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | HONORABLE CINDY THYER, JUDGE |
| APPELLEES | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## N. MARK KLAPPENBACH, Judge

This is an appeal from the order entered on October 4, 2016, by the Craighead County Circuit Court terminating the parental rights of appellant Melissa Holland to her daughters, ST (born in March 2010) and ET (born in June 2011).[1] Counsel for Holland has filed a motion to withdraw and a no-merit appeal brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Rule 6-9(I) (2016) of the Rules of the Arkansas Supreme Court and Court of Appeals. The clerk of this court sent Holland a copy of her counsel's motion and brief via certified mail, along with a letter informing her of the right to file pro se points for reversal. Holland has not filed pro se points. Based on our review of the record, we affirm the trial court's termination of Holland's

---

[1]The order on appeal also terminated the parental rights of the father of the children, Jason Turner, but he is not a party to this appeal.

SLIP OPINION

parental rights and grant counsel's motion to withdraw.

In *Smith v. Arkansas Department of Human Services*, our court explained the procedure

for no-merit appeals in termination-of-parental-rights cases:

> In *Linker-Flores* [*v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004) (*Linker-Flores I*)] our supreme court held that the no-merit procedure set forth in *Anders v. California*, 386 U.S. 738 (1967), shall apply in cases of indigent-parent appeals from orders terminating parental rights. The court held that appointed counsel for an indigent parent on a first appeal from a termination order may petition to withdraw as counsel if, after a conscientious review of the record, counsel can find no issue of arguable merit for appeal. *Id.* Counsel's petition must be accompanied by a brief discussing any arguably meritorious issue for appeal. *Id.* The indigent parent must be provided with a copy of the brief and notified of her right to file points for reversal within thirty days. *Id.* If the appellate court determines, after a full examination of the record, that the appeal is frivolous, the court may grant counsel's motion and dismiss the appeal. *Id.* If the court finds any of the legal points arguable on the merits, it will appoint new counsel to argue the appeal. *Id.* The court allowed Linker-Flores's counsel to file a no-merit brief. On November 17, 2005, the supreme court decided *Linker-Flores II*, based upon the *Anders* procedure. *Linker-Flores v. Ark. Dep't of Human Servs.*, 364 Ark. 224, 217 S.W.3d 107 (2005) (*Linker-Flores II*). In a companion case to *Linker-Flores II*, handed down on the same day, *Lewis v. Ark. Dep't of Human Servs.*, 364 Ark. 243, 217 S.W.3d 788 (2005), the court also held that a "conscientious review of the record" requires the appellate court to review all pleadings and testimony in the case on the question of the sufficiency of the evidence supporting the decision to terminate, when the trial court has taken the prior record into consideration in its decision. The supreme court further held that only adverse rulings arising at the termination hearing need be addressed in the no-merit appeal where there has been no appeal from the prior orders in the case, because the prior orders are considered final appealable orders pursuant to Ark. R. App. P.–Civ. 2(c)(3). Accordingly, this court must review the entire record on the issue of the trial court's ultimate decision to terminate, and, additionally, any adverse ruling made in the course of the termination hearing itself.

93 Ark. App. 395, 399, 219 S.W.3d 705, 707–08 (2005).

The termination of parental rights involves a two-step process in which the trial court

must find that the parent is unfit and that termination is in the children's best interest,

SLIP OPINION

considering the likelihood of adoption and the potential for harm if the children are returned to their parent's custody. *Murray v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 431, at 6, 429 S.W.3d 288, 292. In determining the best interest of the juveniles, a trial court must take into consideration (1) the likelihood that the juvenile will be adopted if the termination petition is granted; and (2) the potential harm, specifically addressing the effect on the health and safety of the child, caused by returning the child to the custody of the parent. *Myers v. Ark. Dep't of Human Servs.*, 2011 Ark. 182, 380 S.W.3d 906. In considering potential harm caused by returning the child to the parent, the trial court is not required to find that actual harm would result or affirmatively identify a potential harm. *Welch v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 798, 378 S.W.3d 290. Potential harm must be viewed in a forward-looking manner and in broad terms, including the harm the child suffers from the lack of stability of a permanent home. *Collins v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 90. We will reverse a trial court's findings only if they are clearly erroneous, i.e., if we are left with a definite and firm conviction that a mistake has been made. *Id*.

In this no-merit appeal, counsel for Holland argues that the evidence supports the trial court's findings, and we agree. The evidence reflects that in February 2015, Holland left one of her daughters in the care of two sex offenders while she was incarcerated, leading to that child being taken into emergency custody. Subsequently, Holland was arrested on outstanding warrants and tested positive for drugs, leading to her other daughter being taken into emergency custody. At that time, Holland tested positive for opiates, barbiturates, and

SLIP OPINION

cocaine. Holland stipulated to the existence of probable cause to support removal of the girls from her custody.

In April 2015, the trial court adjudicated both girls to be dependent-neglected. A case plan was established, and over the next year and a half, Holland was partially compliant. Holland was able to pass drug screens for several months toward the end of the case; she had appropriate housing; she visited her children with some regularity; and she completed some classes and evaluations that were required of her. Nevertheless, by May 2016, some major concerns remained: (1) Holland maintained her relationship with one of the sex offenders until his incarceration, which came late into the case plan; (2) she then resumed living with the father of these girls, a man who expressed no interest in reunification with his children, who ultimately had his parental rights terminated in these proceedings, and who had a history of physically abusing Holland; and (3) she failed to attend the mental health counseling and NA/AA meetings ordered by the court.

The Department of Human Services (DHS) filed a petition to terminate her parental rights asserting two statutory grounds: (1) the one-year-out-of-custody-and-failure-to-remedy-the-causes-for-removal ground, found in Ark. Code Ann. § 9-27-341(b)(3)(B)(i)(*a*) (Repl. 2015), and (2) the subsequent other-factors ground (showing her incapacity or unwillingness to remedy the subsequent factors that prevented reunification), found in Ark. Code Ann. § 9-27-341(b)(3)(B)(vii). DHS's petition also alleged that termination of parental rights was in these children's best interest.

SLIP OPINION

The evidence presented at the termination hearing conducted in August 2016, which was deemed credible and persuasive by the trial court, showed the following. The girls were adoptable and had two families interested in adopting them, which supported the required consideration of the likelihood of the children being adopted. The DHS caseworker testified to the multitude of services provided to both parents and the concerns about Holland failing to put her children above her relationships with men. The case worker also testified as to Holland's failure to attend counseling and NA/AA meetings despite court orders and referrals for those services.

Holland testified that she had attended NA/AA meetings only twice because she did not believe that she had a drug problem. Holland believed she had bipolar disorder. She blamed DHS for not following through with counseling, stating that DHS did not provide her a second required referral. Holland maintained that she did not believe ST's report to her that the sex offender (a boyfriend of Holland's) had abused her. And, Holland thought that she could probably convince the children's father, who had physically abused Holland and to whom she had returned after the boyfriend had been incarcerated, that he should seek to reunify with the children.

In the end, the trial court reiterated that Holland's lack of credibility was a "significant issue" throughout the case, and it found that Holland failed to address her mental-health needs in any adequate fashion. The trial court was concerned about the potential harm of returning the children to Holland when she lived with the children's father, a man uninterested in

working toward reunification, who had abused her in the past, and who would not follow court orders. In short, the poor decision-making and mental-health concerns exhibited by Holland supported termination of her parental rights, at the very least on the ground of "subsequent other factors," and only one ground was required to support the trial court's order. *See Johnson v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 412, 501 S.W.3d 391. After conducting proper appellate review of this record, we hold that the findings made by the trial court are not clearly erroneous as to at least one ground and as to the best interest of ST and ET. Consequently, we hold that there is no basis for reversal of the trial court's decision to terminate Holland's parental rights.

Holland's counsel has also identified one adverse evidentiary ruling but asserts that it would not support a reversal. A hearsay objection was raised when Holland was asked why she remained in a relationship with one of the sex offenders so late into this DHS case, and Holland attempted to answer by testifying about what her daughter ST had told her. The trial court sustained the hearsay objection. In response to further questioning, Holland testified that she did not think that her friend (the sex offender she left ST with) had done anything wrong. The evidentiary ruling on hearsay could not support a meritorious appeal.

We will not reverse a trial court's evidentiary ruling absent a manifest abuse of discretion; furthermore, even an erroneous ruling is not grounds for disturbing a trial court's order if the error is harmless. *Wilson v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 666, 476 S.W.3d 816. We can discern no prejudice or harm in excluding the actual statements

SLIP OPINION

allegedly made by ST to her mother, and lack of prejudice renders this an adverse ruling incapable of supporting a meritorious appeal. *See Tadlock v. Ark. Dep't of Human Servs.*, 2009 Ark. App. 821, 373 S.W.3d 361; *Sparrow v. Ark. Dep't of Health & Human Servs.*, 101 Ark. App. 193, 272 S.W.3d 846 (2008).

Affirmed; motion to withdraw granted.

ABRAMSON and VAUGHT, JJ., agree.

*Leah Lanford*, Arkansas Public Defender Commission, for appellant.

No response.