RITA W. GRUBER, Chief Judge
Sherry Rickman appeals from the Crittenden County Circuit Court's order terminating *863 her parental rights to K.R., born August 23, 2007. Appellant does not challenge the grounds for her termination. Her sole point on appeal is that the evidence was insufficient to support the circuit court's decision that termination was in K.R.'s best interest because appellant does not pose a potential harm to K.R. We find no error and affirm the circuit court's order.
The case began on May 13, 2014, when the Arkansas Department of Human Services (DHS) took emergency custody of K.R. based on Rickman's illegal drug use. K.R. had been in foster care for over three years when the court terminated appellant's parental rights to K.R. in an order entered on June 5, 2017. The court terminated on the ground of aggravated circumstances, based on its previous finding that there was little likelihood that further services to appellant would result in successful reunification. The court had entered an order less than three months earlier terminating further reunification services to appellant, finding by clear and convincing evidence that aggravated circumstances existed because there was little likelihood that further services to the family would result in successful reunification; finding that it was not possible to return K.R. to appellant; and determining that K.R. "desperately need[ed] stability and continuity." This court affirmed that decision in Rickman v. Ark. Dep't of Human Servs. , 2017 Ark. App. 610, 534 S.W.3d 180. A more complete rendition of the procedural history in this case is set forth in that opinion. Id.
In its finding that it was in K.R.'s best interest for appellant's parental rights to be terminated, the court specifically considered the testimony of the foster parent that she was interested in adopting K.R. and the testimony of the caseworker that there was a substantial likelihood that K.R. would be adopted. The court also found by clear and convincing evidence that there was potential harm to K.R. if she were to be returned to appellant's custody, specifically stating the following:
The court further finds by clear and convincing evidence that there is potential harm if [K.R.] is returned to the custody of the mother, based on the Court's findings in subparagraphs J, K, and L of the No Reunification Services order issued by the Court on [February] 9, 2017, and filed for record on March 6, 2017, and that those findings are incorporated hereto. Specifically, the Court held after the hearing that it was contrary to the health, safety and welfare for [K.R.] to be returned home, and that there had been a lack of stability in Sherry Rickman's home, with significant ongoing issues with clutter and trash that would be harmful to the child, and there was a lack of stability in the home in Sherry Rickman's relationship with Johnny Underwood, when there had been two incidents of domestic violence within the past six months and evidence of alcohol abuse by Mr. Underwood, as well as Mr. Dow's testimony on that date that was based on Ms. Rickman's statements to him, she was in an emotionally and physically abusive relationship. The Court notes despite Ms. Rickman's testimony on that date that he had moved out of the home, he was visiting the home two to three times per week and had spent the night before the hearing in the home. Further Ms. Rickman's own testimony on that date was that she had an addiction to Adderall and had tried to get Adderall by means other than from medical providers. There was further testimony that Ms. Rickman suffered from borderline functioning, and had issues taking her medication regularly and had issues with parenting.
*864 On appeal, appellant argues that the evidence was insufficient to support the court's best-interest finding because appellant does not pose a potential harm to K.R. Specifically, appellant contends that the court's reliance on its no-reunification order for evidence of potential harm was not sufficient. She argues that DHS was required to present proof of potential harm at the termination hearing and claims that there was no evidence regarding appellant's "current situation" as it existed after the no-reunification order was entered and at the time of the termination hearing.
We review termination-of-parental-rights cases de novo. Dinkins v. Ark. Dep't of Human Servs. , 344 Ark. 207, 40 S.W.3d 286 (2001). At least one statutory ground must exist, in addition to a finding that it is in the child's best interest to terminate parental rights; these must be proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341 (Supp. 2017). The appellate inquiry is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. Shawkey v. Ark. Dep't of Human Servs. , 2017 Ark. App. 2, at 4, 510 S.W.3d 803, 806. Credibility determinations are left to the fact-finder. Id. Finally, the intent behind the termination-of-parental-rights statute is to provide permanency in a child's life when it is not possible to return the child to the family home because it is contrary to the child's health, safety, or welfare, and a return to the family home cannot be accomplished in a reasonable period of time as viewed from the child's perspective. Ark. Code Ann. § 9-27-341(a)(3).
In finding that termination is in the best interest of the child, the circuit court is required to consider the potential harm to the health and safety of the child that might result from returning the child to the parent's custody. Ark. Code Ann. § 9-27-341(b)(3)(A)(ii). The circuit court is not required to find that actual harm would result or to affirmatively identify a potential harm. Dowdy v. Ark. Dep't of Human Servs. , 2009 Ark. App. 180, 314 S.W.3d 722. The potential-harm evidence must be viewed in a forward-looking manner and considered in broad terms. Samuels v. Ark. Dep't of Human Servs. , 2014 Ark. App. 527, 443 S.W.3d 599. Finally, a parent's past behavior is often a good indicator of future behavior and may be viewed as a predictor of likely potential harm should the child be returned to the parent's care and custody. Shawkey , 2017 Ark. App. 2, at 6, 510 S.W.3d at 807 ; Helvey v. Ark. Dep't of Human Servs. , 2016 Ark. App. 418, at 10, 501 S.W.3d 398, 404.
Here, the no-reunification order containing the findings the court later considered important in its consideration of potential harm was entered less than three months before the termination hearing. Moreover, the case had been pending for three years while K.R. lingered in foster care. In addition to the evidence at the termination hearing, Arkansas Code Annotated section 9-27-341(a)(4)(B) requires the court to "rely upon the record of the parent's compliance in the entire dependency-neglect case" in making its decision whether it is in the juvenile's best interest to terminate parental rights. Ark. Code Ann. § 9-27-341(a)(4)(B). And the law specifically provides that a parent's overtures toward participation in the case plan or following orders of the court "following the permanency planning hearing and preceding the termination hearing is an insufficient reason to not terminate parental rights." Ark. Code Ann. § 9-27-341(a)(4)(A). Finally, although appellant testified that she had a clean home, was medication compliant, was participating in counseling, and had stable housing at the time of the hearing, her *865 caseworker testified that she had no information that appellant's status had significantly changed since the reunification services had been terminated several months earlier and that appellant had not contacted DHS to offer any evidence of changes. Furthermore, appellant failed to provide any reports or other confirmation that she was compliant with counseling, medications, and other aspects of the court's prior orders. Credibility determinations are for the circuit court, Shawkey , 2017 Ark. App. 2, at 4, 510 S.W.3d at 806, and it was not required to believe appellant's self-serving testimony at the termination hearing that her situation had changed less than three months after it had terminated her reunification services. Tankersley v. Ark. Dep't of Human Servs. , 2012 Ark. App. 109, at 7-8, 389 S.W.3d 96, 100.
Accordingly, the circuit court did not clearly err in considering that potential harm could result if K.R. were returned to appellant's custody and in finding that termination of appellant's parental rights was in K.R.'s best interest.
Affirmed.
Abramson and Gladwin, JJ., agree.