Cite as 2020 Ark. App. 502

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CV–20–372

| | |
|---|---|
| BRADLEY SNIDER | **Opinion Delivered:** October 28, 2020 |
| APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66FJV-13-527] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | HONORABLE SHANNON L. BLATT, JUDGE |
| APPELLEES | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## WAYMOND M. BROWN, Judge

Counsel for appellant Bradley Snider brings this no-merit appeal from the Sebastian County Circuit Court's order terminating appellant's parental rights to his children, C.S. and K.S. Pursuant to *Linker-Flores v. Arkansas Department of Human Services*[1] and Arkansas Supreme Court Rule 6-9(i), appellant's counsel has filed a motion to withdraw and a no-merit brief contending that there are no meritorious issues that would support an appeal. The clerk of this court mailed a certified copy of counsel's brief and motion to be relieved to appellant, informing him of his right to file pro se points for reversal under Arkansas Supreme Court Rule 6–9(i)(3), which he has elected to do. We affirm the termination order and grant counsel's motion to withdraw.

---

[1]359 Ark. 131, 194 S.W.3d 739 (2004).

On June 22, 2016, the Arkansas Department of Human Services ("the Department") opened an investigation after receiving allegations that appellant was frequently drunk and violent toward his wife, Courtney Snider,[2] and their children, R.R., C.S., and K.S.[3]  On July 8, Courtney reported to the Department that appellant had again been physically and verbally abusive toward her.  The following day, a protective order was issued for Courtney and the children against appellant.  The children were removed from Courtney on July 13 by the Department due to Courtney's unstable mental state and admitted methamphetamine use.  On September 16, the children were adjudicated dependent-neglected as a result of inadequate supervision and parental unfitness, specifically due to the parents' domestic violence and substance-abuse issues.  The court also found that the case was subject to the Indian Child Welfare Act (ICWA) based on Courtney's membership with the Choctaw tribe.  The goal of the case was set as reunification.  Appellant was ordered to obtain and maintain stable and appropriate housing, income, and transportation; to complete domestic-violence classes; to visit regularly; to submit to random drug screens and hair-follicle testing; to achieve and maintain total sobriety; to submit to a psychological evaluation and comply with the recommendations; and to attend counseling.  However, during the three-year

---

[2]Appellant and Courtney had previous history with the Department, dating back to 2009. In 2014, they completed parenting classes; appellant also completed a Domestic Violence Intervention Program.  The Department's file reveals appellant had a history of alcohol-related arrests and domestic-battery violence, as well as suicidal tendencies. Courtney had a history of illegal drug use.

[3]Appellant is the biological father of C.S. and K.S.  Timothy Roam is the biological father of R.R.; neither Timothy Roam nor Courtney Snider (biological mother of the children) are parties to this appeal; therefore, this appeal pertains only to appellant's parental rights to C.S. and K.S.

pendency of the case, appellant was incarcerated multiple times and failed to comply with the case plan and complete many of the court-ordered services. Consequently, the goal of the case was changed to termination of parental rights and adoption.

The Department filed a petition for termination of parental rights on January 9, 2020, alleging three grounds for termination. Following the termination hearing, the circuit court found beyond a reasonable doubt that the Department made active efforts to provide remedial and rehabilitative services designed to prevent the breakup of the Indian family and that, based on qualified expert testimony, continued custody by the parent or Indian custodian is likely to result in serious emotional or physical damage to the juveniles. The circuit court then granted the Department's petition to terminate appellant's parental rights based on all three of the grounds alleged in the petition: (1) failure to remedy;[4] (2) subsequent factors;[5] and (3) aggravated circumstances.[6] A termination order was entered on March 24, 2020.

This court reviews termination-of-parental-rights cases de novo.[7] Grounds for termination of parental rights must be proved by clear and convincing evidence, which is that degree of proof that will produce in the finder of fact a firm conviction of the allegation sought to be established.[8] The appellate inquiry is whether the circuit court's finding that

---

[4]Ark. Code Ann. § 9-27-341(b)(3)(B)(i)*(a)* (Supp. 2019).

[5]Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)*(a)*.

[6]Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)*(a)(3)*.

[7]*Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001).

[8]*Tillman v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 119.

3

the disputed fact was proved by clear and convincing evidence is clearly erroneous.[9] A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made.[10] In resolving the clearly erroneous question, we give due regard to the opportunity of the circuit court to judge the credibility of witnesses.[11]

To terminate parental rights, a circuit court must find by clear and convincing evidence that termination is in the best interest of the juvenile, taking into consideration (1) the likelihood that the juvenile will be adopted if the termination petition is granted and (2) the potential harm, specifically addressing the effect on the health and safety of the child, caused by returning the child to the custody of the parent.[12] The circuit court must also find by clear and convincing evidence that one or more statutory grounds for termination exists.[13] Proof of only one statutory ground is sufficient to terminate parental rights.[14] Termination of parental rights is an extreme remedy and in derogation of a parent's natural rights; however, parental rights will not be enforced to the detriment or destruction of the

---

[9]*Id.*

[10]*Id.*

[11]*Id.*

[12]Ark. Code Ann. § 9-27-341(b)(3)(A)(i) & (ii).

[13]Ark. Code Ann. § 9-27-341(b)(3)(B).

[14]*Tillman, supra.*

health and well–being of the child.[15] The intent behind the termination–of–parental–rights statute is to provide permanency in a child's life when it is not possible to return the child to the family home because it is contrary to the child's health, safety, or welfare, and a return to the family home cannot be accomplished in a reasonable period of time as viewed from the child's perspective.[16]

For termination proceedings subject to the ICWA, the burden of proof is beyond a reasonable doubt.[17] However, our court's review is still de novo, and we will not reverse the circuit court's ruling unless its findings are clearly erroneous.[18] The ICWA also prohibits termination of parental rights to an Indian child "in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child."[19]

Arkansas Supreme Court Rule 6-9(i) allows counsel for an appellant in a termination–of–parental–rights case to file a no-merit petition and motion to withdraw if, after studying the record and researching the law, counsel determines that the appellant has no meritorious basis for appeal. The petition must include an argument section that lists all adverse rulings to the appellant made by the circuit court on all objections, motions, and

---

[15]*Id.*

[16]Ark. Code Ann. § 9-27–341(a)(3).

[17]Ark. Code Ann. § 9-27–325(h)(2)(B)(ii) (Supp. 2019).

[18]*Holmes v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 495, 505 S.W.3d 730.

[19]25 U.S.C. § 1912(f).

requests made by the party at the hearing from which the appeal arose and explain why each adverse ruling is not a meritorious ground for reversal.[20]

Counsel contends that despite the higher burden of proof required under the ICWA when terminating parental rights to an Indian child—proof beyond a reasonable doubt—evidence presented at the termination hearing supports the aggravated-circumstances ground for termination and any challenge to the circuit court's finding would be frivolous. This case was ongoing for more than three years and despite the offer of meaningful services, appellant failed to complete the services and/or did not benefit from those services. He failed to maintain sobriety and demonstrate stability and was incarcerated at the time of the termination hearing. The evidence supports the circuit court's finding that there is little likelihood that additional services to the family will result in successful reunification.

Counsel further explains that evidence presented at the termination hearing also supports the circuit court's best-interest finding. Family service worker (FSW) Mindy Tuck Duty testified that C.S. and K.S. are adoptable and that their current placement is interested in adoption. A caseworker's testimony that a child is adoptable is sufficient to support an adoptability finding.[21] As for potential harm, the circuit court found that the children's health and safety would be at risk if returned to appellant due to his incarceration and inability to care for the children even when not incarcerated. Throughout the pendency of this case, appellant has been incarcerated multiple times. We have stated that failure to live

---

[20]Ark. Sup. Ct. R. 6-9(i)(1)(A).

[21]*Cole v. Ark. Dep't of Human Servs.*, 2018 Ark. App. 121, 543 S.W.3d 540.

a law-abiding life supports a finding of potential harm.[22]  Additionally, appellant failed to comply with the case plan and complete court-ordered services.  A parent's failure to comply with court orders is sufficient evidence of potential harm to a child.[23]

In addition to the termination of appellant's parental rights, counsel identifies one adverse ruling made at the termination hearing.  The Court Appointed Special Advocates (CASA) report was admitted into evidence over the objection of appellant.  However, although appellant noted an objection to the admission of the CASA report, no basis for the objection was provided.  Consequently, the adverse ruling affords no meritorious ground for reversal.[24]

Counsel also identifies three other issues that had the "potential" to be adverse to appellant.  First, because there was testimony that appellant suffered from a brain injury, counsel states that an argument could have been made that appellant was entitled to reasonable accommodations in accordance with the Americans with Disabilities Act.  While the issue was not preserved below, counsel explains that it could be argued that it falls within the third exception to the contemporaneous-objection requirement set forth in *Wicks v. State*,[25] and that the issue should therefore be addressed by this court.  However, as noted

---

[22]*Blasingame v. Ark. Dep't of Human Servs.*, 2019 Ark. App. 342, 582 S.W.3d 873.

[23]*Bell v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 446, 503 S.W.3d 112.

[24]*See Taylor v. Ark. Dep't of Human Servs.*, 2020 Ark. App. 227, at 3–4 (recognizing that, even in termination of parental rights cases, we will not consider arguments made for the first time on appeal and that parties are bound by the scope of the arguments presented at the trial level).

[25]270 Ark. 781, 606 S.W.2d 366 (1980).

7

by counsel, we have previously declined to apply a *Wicks* exception in such cases.[26] Furthermore, as counsel correctly states, one of the statutory grounds upon which the circuit court terminated appellant's parental rights—aggravated circumstances—does not require that the Department prove that meaningful services were provided.[27]

Next, counsel explains that because the case involves Indian children, the circuit court's findings under the ICWA may be challenged. Nonetheless, counsel adequately explains that the Indian Child Welfare Specialist, the tribal representative from the Choctaw Nation of Oklahoma, testified that it was Choctaw Nation's position that appellant's parental rights to C.S. and K.S. should be terminated and that "returning the children home to the biological parents would result in serious physical or emotional damage to the children." Based on the extended history of the case and the testimony of the tribal representative, we agree with counsel that this issue provides no basis for reversal.

Lastly, in his testimony at the termination-of-parental-rights hearing, appellant expressed a desire to be reunited with his children, which may be construed as a request for additional time to work toward a goal of reunification. The circuit court's granting of the Department's termination petition amounted to a denial of appellant's request for additional time. The intent behind the termination statute is to provide permanency in a child's life when it is not possible to return the child to the family home because it is contrary to the child's health, safety, or welfare, and return to the family home cannot be accomplished in

---

[26] *See Pratt v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 399, 413 S.W.3d 261.

[27] *See Willis v. Ark. Dep't of Human Servs.*, 2017 Ark. App. 559, 538 S.W.3d 842.

a reasonable period of time as viewed from the child's perspective.[28]  Here, over a period of more than three years, despite the offer of meaningful services, appellant failed to demonstrate stability and prove that he is capable of effectively parenting or providing permanency for his children.  As counsel accurately provides, a child's need for permanency overrides a parent's request for additional time to improve circumstances, and courts will not enforce parental rights to the detriment of the well-being of the child.[29]

In his pro se points for reversal, appellant attempts to "discredit" various statements made during the termination hearing.  For example, he takes issue with the testimony of FSW Duty in which she stated that appellant failed to complete court-ordered domestic-violence classes.  Appellant attached a letter of achievement from the Arkansas Department of Correction indicating that he completed domestic-violence classes during his incarceration on April 9, 2020.  While we acknowledge that he has now completed the class, it was after the termination hearing was held on March 16.  The statement made by FSW Duty was not inaccurate.  Appellant also argues about the accuracy of other statements made by FSW Duty; however, the time to challenge such statements was at the termination hearing.  Furthermore, appellant's pro se points amount to a request for this court to reweigh the evidence, which we will not do.[30]  Therefore his pro se points provide no grounds for reversal.

---

[28]Ark. Code Ann. § 9-27-341(a)(3).

[29]*See Ekberg v. Ark. Dep't of Human Servs.*, 2017 Ark. App. 103, 513 S.W.3d 307.

[30]*See Westbrook v. Ark. Dep't of Human Servs.*, 2019 Ark. App. 352, 584 S.W.3d 258.

Having carefully examined the record and counsel's brief, we conclude that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit appeals in termination cases and that the appeal is wholly without merit. Accordingly, we affirm the termination of appellant's parental rights to C.S. and K.S. and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

VIRDEN and VAUGHT, JJ., agree.

*Jennifer Oyler Olson*, Arkansas Commission for Parent Counsel, for appellant.

One brief only.