Cite as 2020 Ark. App. 508

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-20-374

| | | |
|---|---|---|
| BRADLEY SNIDER | | **Opinion Delivered:** November 4, 2020 |
| | APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66FJV-17-412] |
| V. | | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD | | HONORABLE SHANNON L. BLATT, JUDGE |
| | APPELLEES | |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## BART F. VIRDEN, Judge

The Sebastian County Circuit Court terminated the parental rights of appellant Bradley Snider to his daughter, D.S. (DOB: 9-16-2017).[1] His counsel has filed a brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Rule 6–9(i) of the Arkansas Supreme Court Rules, arguing that there is no merit to an appeal. Snider was notified of his right to file pro se points for reversal. He has chosen not to file any points in connection with this appeal. We affirm the termination of Snider's parental rights to D.S. and grant counsel's motion to withdraw.

---

[1]The termination of Bradley's rights as to his other children, C.S. and K.S., has been addressed by this court in *Snider v. Arkansas Department of Human Services*, 2020 Ark. App. 502, 612 S.W.3d 199.

## I. *Background*

In September 2017, the Arkansas Department of Human Services (DHS) filed a petition for emergency custody and dependency-neglect as to D.S. At the time, DHS had an open case on D.S.'s siblings, R.R., C.S., and K.S. In an affidavit attached to the petition, a family-service worker attested that DHS was notified by Mercy Hospital that Snider's wife had given birth to D.S. and that the infant had tested positive for methamphetamine. The trial court later adjudicated D.S. dependent-neglected. Snider was ordered to comply with the case plan and court orders. The trial court further noted that the Indian Child Welfare Act (ICWA) applied because D.S.'s mother is a member of the Choctaw Nation.

Several review orders and two permanency-planning orders were subsequently entered. Initially, Snider was incarcerated. When he was released from prison, he was slow to comply with the case plan and court orders. He violated the court's order that he have no contact with his wife. At times, Snider partially complied with the case plan in that he had visited D.S. and had stable income, transportation, and housing. Snider did not complete many of the services offered by DHS, but he attended parenting classes and maintained contact with DHS. The trial court found that DHS had complied with the case plan by providing services, including referrals for nurturing parenting classes, parenting-without-violence classes, domestic-violence classes, drug-and-alcohol assessments with co-occurring therapy, inpatient drug treatment, counseling, intensive family services, drug screens, and psychological evaluations. In January 2020, DHS and the attorney ad litem filed a joint petition for termination of parental rights. In a subsequent permanency-planning order, the trial court found that Snider had not complied with the case plan and court orders and was

again incarcerated. Following a hearing, the trial court terminated Snider's parental rights on three grounds and found that termination was in D.S.'s best interest.

## II. *Standard of Review*

The termination of parental rights involves a two-step process in which the trial court must find that the parent is unfit and that termination is in the child's best interest, considering the likelihood of adoption and the potential for harm if the child is returned to his or her parent's custody. *Holland v. Ark. Dep't of Human Servs.*, 2017 Ark. App. 205. In determining the best interest of the child, a trial court must take into consideration (1) the likelihood that the child will be adopted if the termination petition is granted; and (2) the potential harm, specifically addressing the effect on the health and safety of the child, caused by returning the child to the custody of the parent. *Id.* We will reverse a trial court's findings only if they are clearly erroneous, i.e., if we are left with a definite and firm conviction that a mistake has been made. *Id.*

In dependency-neglect cases, if, after studying the record and researching the law, appellant's counsel determines that the appellant has no meritorious basis for appeal, then counsel may file a no-merit petition and move to withdraw. *Murphy v. Ark. Dep't of Human Servs.*, 2018 Ark. App. 426, 560 S.W.3d 465 (citing Ark. Sup. Ct. R. 6–9(i)(1)). The petition must include an argument section that lists all adverse rulings that the parent received at the trial court level and explain why each adverse ruling is not a meritorious ground for reversal. *Id.* (citing Ark. Sup. Ct. R. 6–9(i)(1)(A)). The petition must also include an abstract and addendum containing all rulings adverse to the appealing parent that were made during the hearing from which the order on appeal arose. *Id.* (citing Ark. Sup. Ct. R. 6–9(i)(1)(B)).

III. *Discussion*

Although the trial court found three statutory grounds for termination, only one ground is necessary to support the termination. *Westbrook v. Ark. Dep't of Human Servs.*, 2019 Ark. App. 352, 584 S.W.3d 258. Counsel discusses the aggravated-circumstances ground. Specifically, the trial court determined that there was little likelihood that services to the family will result in successful reunification. Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)*(a)(B)(i)* (Supp. 2019). There was evidence that D.S.'s older siblings had already been in foster care at various times for extended periods. During the course of all of those cases, Snider had been offered numerous services. With D.S.'s case, Snider was again offered services by DHS, but he had completed few of them at the time of the termination hearing. We agree with counsel's assertion that there can be no meritorious challenge to the sufficiency of the evidence supporting the termination of Snider's parental rights.

There was evidence from which the trial court could consider adoptability and potential harm. A family-service worker testified that D.S.'s current placement wants to adopt her. A caseworker's testimony that a child is adoptable is sufficient to support an adoptability finding. *Duckery v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 358. The trial court also considered the potential harm in placing D.S. in Snider's custody. Snider had been unable to sit through his two-hour supervised visits with D.S. and his other children. In addition, he was in and out of prison and jail and did not obey the trial court's order to have no contact with his wife. A parent's past behavior is often a good indicator of future behavior and may be viewed as a predictor of likely potential harm should the child be returned to the parent's care and custody. *Rickman v. Ark. Dep't of Human Servs.*, 2018 Ark.

App. 261, 548 S.W.3d 861. The trial court also made the requisite findings pursuant to the ICWA based on qualified expert testimony. 25 U.S.C. § 1912(f).

Counsel notes only one adverse evidentiary ruling at the termination hearing when Snider's trial attorney objected to the recommendation made in a CASA report for termination of his parental rights and adoption. The basis for Snider's objection is unclear, but we note that the trial court did not rely solely on the recommendation in the CASA report in terminating Snider's parental rights. Moreover, the trial court had received the same recommendation from multiple other sources without objection. *Tadlock v. Ark. Dep't of Human Servs.*, 2009 Ark. App. 821, 373 S.W.3d 361 (recognizing that we will not reverse when hearsay evidence is merely cumulative to other evidence admitted without objection). We agree with counsel that there would be no merit to an appeal of this adverse ruling.[2]

Having examined the record and counsel's brief, we conclude that counsel has complied with our no-merit rules and that this appeal is wholly without merit. Accordingly, we affirm the order terminating Snider's parental rights and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

VAUGHT and BROWN, JJ., agree.

*Jennifer Oyler Olson*, Arkansas Commission for Parent Counsel, for appellant.

One brief only.

---

[2]Counsel then discusses "other potential adverse issues"; however, potential arguments that could have resulted in adverse rulings are not preserved and would not constitute reversible error. *Byrd v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 32 n.4.