
# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-16-817

| | |
|---|---|
| JESSICA CAMPBELL<br><br>APPELLANT<br><br>V.<br><br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES AND MINOR<br>CHILD<br><br>APPELLEES | Opinion Delivered: February 8, 2017<br><br>APPEAL FROM THE SEBASTIAN<br>COUNTY CIRCUIT COURT,<br>FORT SMITH DISTRICT<br>[NO. 66JV-15-134]<br><br>HONORABLE LEIGH ZUERKER,<br>JUDGE<br><br>AFFIRMED; MOTION GRANTED |

## KENNETH S. HIXSON, Judge

Appellant Jessica Campbell appeals from the termination of her parental rights to her eight-year-old son, A.F.[1] Jessica's counsel has filed a no-merit brief and a motion to withdraw, stating that this appeal is without merit and that she should be relieved of counsel. We affirm and grant appellant's counsel's motion to be relieved.

In compliance with *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), Jessica's counsel has examined the record for adverse rulings, explaining why each adverse ruling would not support a meritorious ground for reversal. Jessica's counsel has accurately asserted that the only adverse ruling was the termination itself. A copy of Jessica's counsel's brief and motion to withdraw were mailed to Jessica, along with information advising her of her right to file

---

[1]The child's father had no participation in the case, and his parental rights were also terminated. The father is not a party to this appeal.

pro se points within thirty days. Jessica failed to file her pro se points by the deadline specified in our rules; therefore, her pro se points are untimely and not properly before us for review. Ark. Sup. Ct. R. 6-9(i)(3); *Everett v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 541 ___ S.W.3d ___.

We review termination of parental rights cases de novo. *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001). At least one statutory ground must exist, in addition to a finding that it is in the child's best interest to terminate parental rights; these must be proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341(b)(3) (Repl. 2015); *Mitchell v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 715, 430 S.W.3d 851. Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Anderson v. Douglas*, 310 Ark. 633, 839 S.W.2d 196 (1992). The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Yarborough v. Ark. Dep't of Human Servs.*, 96 Ark. App. 247, 240 S.W.3d 626 (2006).

On March 4, 2015, appellee Arkansas Department of Human Services (DHS) filed a petition for emergency custody of A.F. Attached to the petition was an affidavit of a DHS caseworker stating that A.F. had been living with Jessica and that A.F.'s father was in prison. DHS had taken an emergency hold of A.F. due to Jessica's arrest for possession of methamphetamine with intent to deliver, possession of drug paraphernalia with intent to

ingest methamphetamine, simultaneous possession of drugs and firearms, and second-degree child endangerment. There had been drug use in the home and prior controlled buys of methamphetamine. When the police executed the search warrant, A.F. was on the couch and Jessica was hiding in a closet. After being arrested, Jessica tested positive for methamphetamine. On the same day the petition was filed, the trial court entered an ex parte order for emergency DHS custody. A probable-cause order was subsequently entered on March 12, 2015.

On April 24, 2015, the trial court entered an adjudication order finding A.F. to be dependent-neglected and setting the case goal as reunification. The parties stipulated to dependency-neglect based on Jessica's neglect and parental unfitness. The adjudication order stated that Jessica had admitted using methamphetamine while serving as the child's sole caregiver, and that Jessica's acts and omissions placed the child at a substantial risk of serious harm. Jessica was ordered to maintain stable housing, income, and transportation, complete parenting classes, complete a drug-and-alcohol assessment and all recommended treatments, resolve her criminal issues, submit to drug tests, and visit the child regularly.

A review order was entered on September 17, 2015, wherein the trial court found that Jessica was in only partial compliance with the case plan and had recently tested positive for methamphetamine. On March 14, 2016, the trial court entered a permanency-planning order changing the case goal to termination of parental rights and adoption. In the permanency-planning order, the trial court found that DHS had made reasonable efforts to provide family services to achieve the previous goal of reunification and had complied with the case plan and orders of the court. The trial court found that Jessica had completed

SLIP OPINION

parenting classes, but had no stable or appropriate housing, no income, and no reliable transportation. The trial court further found that Jessica had failed to complete a drug-and-alcohol assessment and had canceled numerous visits due to inadequate transportation.

DHS filed a petition to terminate Jessica's parental rights on March 14, 2016. The termination hearing was held on June 10, 2016.

On July 5, 2016, the trial court entered an order terminating Jessica's parental rights. The trial court found by clear and convincing evidence that termination of parental rights was in A.F.'s best interest, and the court specifically considered the likelihood of adoption, as well as the potential harm of returning the child to the custody of his mother as required by Arkansas Code Annotated section 9-27-341(b)(3)(A). The trial court also found clear and convincing evidence of the following three statutory grounds under subsection (b)(3)(B):

> (i)*(a)* That a juvenile has been adjudicated by the court to be dependent–neglected and has continued to be out of the custody of the parent for twelve (12) months and, despite a meaningful effort by the department to rehabilitate the parent and correct the conditions that caused removal, those conditions have not been remedied by the parent.
>
> . . . .
>
> (viii)  The parent is sentenced in a criminal proceeding for a period of time that would constitute a substantial period of the juvenile's life[.]
>
> . . . .
>
> (ix)*(a)* The parent is found by a court of competent jurisdiction, including the juvenile division of circuit court, to:
>> *(3)(A)* Have subjected any juvenile to aggravated circumstances.
>>> *(B)* "aggravated circumstances" means:
>>>> *(i)* . . . [A] determination has been made by a judge that there is little likelihood that services to the family will result in successful reunification[.]

4

DHS caseworker Natasha Mantooth testified at the termination hearing. Ms. Mantooth testified that although Jessica had completed parenting classes, she had not completed a drug-and-alcohol assessment as ordered, and that during the pendency of the case Jessica had failed to establish stable housing, income, or transportation. Jessica also tested positive for methamphetamine five months after the child's removal. Ms. Mantooth further stated that Jessica had not resolved her criminal issues. DHS introduced into evidence a sentencing order entered on February 24, 2016, showing that Jessica had entered a negotiated guilty plea to possession of drug paraphernalia with intent to ingest methamphetamine. For this offense Jessica was sentenced to four years in prison followed by a six-year suspended imposition of sentence. Ms. Mantooth stated that, prior to going to prison, Jessica had visited A.F. only sporadically. Ms. Mantooth also testified that A.F. was adoptable.

Jessica testified on her own behalf, and she stated that she is receiving counseling and guidance during her incarceration. Jessica stated that her earliest possible release date would be about six months after the date of the termination hearing. Jessica asserted that she loved her child and thought she could regain custody of him upon her release.

In appellant's counsel's no-merit brief, counsel correctly asserts that there can be no meritorious challenge to the sufficiency of the evidence supporting termination of Jessica's parental rights. Although the trial court found three statutory grounds for termination, only one ground is necessary to support the termination. *See Draper v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 112, 389 S.W.3d 58. Appellant's counsel states that the strongest ground supporting termination is Arkansas Code Annotated section 9-27-341(b)(3)(B)(viii), which

provides that the parent is sentenced in a criminal proceeding for a period of time that would constitute a substantial period of the juvenile's life. We agree that this ground supported termination of Jessica's parental rights and that any argument to the contrary would be without merit.

The Arkansas Supreme Court has made clear that it is the prison sentence, and not the potential release date, that determines whether subsection (b)(3)(B)(viii) has been satisfied. *Brumley v. Ark. Dep't of Human Servs.*, 2015 Ark. 356. In this case, A.F. was six years old when he was removed from Jessica's custody and eight years old at the time of termination. Prior to the termination hearing, Jessica was sentenced to four years in prison followed by a six-year suspended imposition of sentence. By the time his mother may be released from prison, the child may have spent several years in foster case. Even then, it is unlikely that A.F. could be returned to Jessica in a reasonable time frame. The purpose of terminating a parent's rights to his or her child is to provide permanency in the child's life where returning the juvenile to the family home is contrary to the child's health, safety, or welfare, and where it appears that a return to the family home cannot be accomplished in a reasonable period of time as viewed from the juvenile's perspective. Ark. Code Ann. § 9-27-341(a)(3). On these facts, the trial court did not clearly err in finding that, from the child's perspective, Jessica's sentence constituted a substantial period of the child's life and that this was not a reasonable period of time to remain without permanency.

Appellant's counsel also asserts that there can be no meritorious challenge to the trial court's finding that termination was in A.F.'s best interest, and we agree. The testimony showed that, even before she was sentenced to prison, Jessica had failed to comply with the

case plan and was using methamphetamine. She had made no progress toward stable housing, income, or transportation, and had visited A.F. only sporadically. The caseworker testified that A.F. was adoptable, and she further stated that A.F. would be at a great risk of harm if returned to his mother's custody. On this record, the trial court's finding that termination of Jessica's parental rights was in A.F.'s best interest was not clearly erroneous.

After examining the record and the appellant's counsel's brief, we have determined that this appeal is wholly without merit. Accordingly, we affirm the order terminating appellant's parental rights and grant her counsel's motion to be relieved from representation.

Affirmed; motion granted.

VIRDEN and VAUGHT, JJ., agree.

*Tabitha McNulty*, Arkansas Public Defender Commission, for appellant.

*Andrew Firth*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor child.