KENNETH S. HIXSON, Judge
Appellant Leslie Harley appeals from the termination of her parental rights to her daughter L.S., who was born on May 5, 2015.[1] Pursuant to Linker-Flores v. Arkansas Department of Human Services , 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), Leslie's counsel has filed a no-merit brief and a motion to withdraw, asserting that there are no issues of arguable merit to support an appeal and that she should be relieved as counsel. A copy of Leslie's counsel's brief and motion was mailed to Leslie, and after being informed of her right to file pro se points, Leslie declined to file any points. We affirm and grant appellant's counsel's motion to be relieved.
We review termination-of-parental-rights cases de novo. Dinkins v. Ark. Dep't of Human Servs. , 344 Ark. 207, 40 S.W.3d 286 (2001). At least one statutory ground must exist, in addition to a finding that it is in the child's best interest to terminate parental rights; these must be proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341(b)(3) (Supp. 2017); Mitchell v. Ark. Dep't of Human Servs. , 2013 Ark. App. 715, 430 S.W.3d 851. Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. Gray v. Ark. Dep't of Human Servs. , 2013 Ark. App. 24, 2013 WL 245718. The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. J.T. v. Ark. Dep't of Human Servs. , 329 Ark. 243, 947 S.W.2d 761 (1997). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. Yarborough v. Ark. Dep't of Human Servs. , 96 Ark. App. 247, 240 S.W.3d 626 (2006).
On January 17, 2017, appellee Arkansas Department of Human Services (DHS)
*546 filed a petition for emergency custody of L.S. Attached to the petition was an affidavit of a DHS caseworker stating that DHS had exercised a 72-hour hold on the child after Leslie was found highly intoxicated in a ditch digging for arrowheads. Leslie did not know where L.S. was, and L.S. was passed around from person to person before the police located her several hours later. Leslie was arrested for public intoxication and endangering the welfare of a minor. The affidavit further stated that Leslie's parental rights had been involuntarily terminated as to L.S.'s older sibling, M.S.[2] On the same day that DHS's petition was filed, the trial court entered an ex parte order of emergency custody of L.S. The trial court subsequently entered a probable-cause order.
On February 21, 2017, the trial court entered an adjudication order finding L.S. dependent-neglected based on Leslie's stipulation that L.S. was subjected to inadequate supervision. Leslie was ordered to complete parenting classes, submit to drug screening, submit to a drug-and-alcohol assessment, submit to a psychological evaluation, complete counseling, obtain and maintain income sufficient to support herself and the child, and visit the child regularly. The goal of the case was reunification.
A review order was entered on May 16, 2017, wherein the trial court found that Leslie had been only minimally compliant with the case plan. The trial court found that Leslie had not had a drug-and-alcohol assessment, had failed to attend counseling, had not completed parenting classes, and was unemployed. The trial court did, however, find that Leslie had been visiting the child regularly and had tested negative on drug screens.
A second review order was entered on September 9, 2017. In that order, the trial court found that Leslie had not complied with the case plan, was unemployed, had not completed parenting classes, had a suspended license and owed $5000 in fines, and had pending criminal charges. The trial court further found that Leslie had missed most of her visits with L.S. and had tested positive for methamphetamine on July 24, 2017. The goal of the case was changed to termination of parental rights.
DHS filed a petition to terminate Leslie's parental rights on September 26, 2017. In the petition, DHS alleged numerous statutory grounds for termination and stated that Leslie had stopped regularly visiting the child and had totally quit on the case plan. DHS attached to its petition the previous termination order, filed on December 21, 2015, wherein Leslie's parental rights to L.S.'s older sibling, M.S., had been terminated. In the previous termination order, Leslie's parental rights to M.S. were terminated due to Leslie's positive drug screens, unstable housing, general lack of compliance, and abandonment of the child.
After a termination hearing, the trial court entered an order on January 10, 2018, terminating Leslie's parental rights to L.S. The trial court found by clear and convincing evidence that termination of parental rights was in L.S.'s best interest, and the trial court specifically considered the likelihood of adoption, as well as the potential harm of returning the child to the custody of her mother as required by Arkansas Code Annotated section 9-27-341(b)(3)(A). The trial court also found clear and convincing evidence of four statutory grounds under subsection (b)(3)(B). Pursuant to subsection (b)(3)(B)(iv), the trial court found that Leslie had abandoned *547 the juvenile. Under subsection (b)(3)(B)(vii)(a) , the trial court found that other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrated that placement of the juvenile in the custody of the parent was contrary to the juvenile's health, safety, or welfare and that, despite the offer of appropriate family services, the parent had manifested the incapacity or indifference to remedy those issues or factors or rehabilitate the parent's circumstances that prevent the placement of the juvenile in the custody of the parent. Under subsection (b)(3)(B)(ix)(a)(3) , the trial court found that Leslie had subjected the juvenile to aggravated circumstances because there was little likelihood that services to the family would result in successful reunification. Finally, pursuant to subsection (b)(3)(B)(ix)(a)(4) , the trial court found that Leslie had previously had her parental rights involuntarily terminated as to a sibling of L.S.
DHS caseworker Pamela Feemster testified at the termination hearing. Ms. Feemster stated that although Leslie participated in the development of the case plan, there had been minimal progress or compliance. According to Ms. Feemster, Leslie had not completed a psychological evaluation or adequately participated in counseling services. Nor did Leslie complete a drug-and-alcohol assessment or parenting classes. Ms. Feemster stated that Leslie had missed ten of the last twelve scheduled visits with L.S. and that three of these missed visits were the result of failed drug screens. On the day of the termination hearing, Leslie tested positive for prescription drugs without a prescription.
A sentencing order was admitted showing that Leslie had recently pleaded guilty to endangering the welfare of a minor, for which she received a two-year suspended sentence. Ms. Feemster testified that a few weeks before the termination hearing, Leslie was charged with the additional offenses of reckless driving, driving on a suspended license, and possession of drug paraphernalia (a marijuana pipe).
Ms. Feemster testified that there had not been any progress or significant changes with Leslie's situation since the beginning of the case and that the same issues that caused removal were still present. Ms. Feemster thought that L.S. would be at risk of harm if returned to Leslie's custody because she would continue to be neglected. Ms. Feemster also testified that L.S. is a very smart child with no behavioral issues and that it was highly likely she could be adopted. Ms. Feemster recommended termination of parental rights and adoption.
Leslie testified on her own behalf but offered little to rebut the caseworker's testimony. Leslie acknowledged that she was not in compliance with the case plan and had missed several visits with the child. Leslie blamed her deficiencies on depression.
In appellant's counsel's no-merit brief, counsel correctly asserts that the only adverse ruling was the termination itself and that there can be no meritorious challenge to the sufficiency of the evidence supporting termination of Leslie's parental rights. Although the trial court found four statutory grounds for termination, only one ground is necessary to support the termination. See Campbell v. Ark. Dep't of Human Servs. , 2017 Ark. App. 82, 2017 WL 519132. In this case it is undisputed that, before the initiation of these proceedings, Leslie had her parental rights involuntarily terminated as to L.S.'s older sibling. One of the statutory grounds found by the trial court was that, under Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)(a)(4) , *548 Leslie had her parental rights involuntarily terminated as to another child. This ground supported termination of Leslie's parental rights and any argument to the contrary would be without merit.
Appellant's counsel further asserts that there can be no meritorious challenge to the trial court's finding that termination was in L.S.'s best interest, and we agree. The testimony showed that Leslie had only minimally complied with the case plan, had tested positive on drug screens, had stopped visiting the child regularly, and was in no better position to regain custody of L.S. than when the child was removed. Moreover, the caseworker testified that it was highly likely that L.S. could be adopted. On this record, the trial court's finding that termination of Leslie's parental rights was in L.S.'s best interest was not clearly erroneous.
After examining the record and appellant's counsel's brief, we have determined that this appeal is wholly without merit. Accordingly, we affirm the order terminating appellant's parental rights and grant her counsel's motion to be relieved from representation.
Affirmed; motion granted.
Glover and Vaught, JJ., agree.

The child's father is unknown.

Leslie's parental rights to M.S., who was born on July 18, 2014, were terminated by a termination order entered on December 21, 2015.