RAYMOND R. ABRAMSON, Judge
Appellant Nicole Riggs appeals a Faulkner County Circuit Court order terminating her parental rights to her children, B.S. and M.S. Pursuant to Linker-Flores v. Arkansas Department of Human Services , 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i) (2018), Riggs's counsel has filed a motion to withdraw and a no-merit brief asserting that there are no issues of arguable merit to support an appeal. The clerk of our court sent copies of the brief and the motion to withdraw to Riggs's last-known address, informing her of her right to file pro se points for reversal pursuant to Rule 6-9(i)(3). The packet was returned, marked "unclaimed-unable to forward-return to sender." Riggs has not filed any pro se points for reversal. We affirm the termination of parental rights and grant counsel's motion to withdraw.
This case began when the Arkansas Department of Human Services (DHS) exercised an emergency hold on Riggs's children on April 27, 2017. In its petition for emergency custody and dependency-neglect, *131 DHS stated that the children were dependent-neglected as a result of abuse or parental unfitness. But in the attached affidavit, a DHS family-service worker stated that the hold was taken because of Riggs's substance abuse, environmental neglect, parental unfitness, and neglect. The circuit court entered an ex parte order for emergency custody on May 1, 2017, with an amended order entered on May 3, 2017.
The circuit court held a probable-cause hearing on May 3, 2017, and a week later, it entered an order finding that probable cause existed at the time of the removal and continued to exist, such that the children should remain in the custody of DHS. In this order, the circuit court also noted that Riggs and the children had membership in, or were descendants of, an Indian tribe-specifically, that Riggs was a member of the Cherokee Tribe.
On June 20, 2017, the circuit court held an adjudication hearing and entered an adjudication-and-disposition order that same day. This order reflected that there was a representative from the Cherokee Tribe present, and the circuit court adjudicated the children dependent-neglected due to parental drug use resulting in parental unfitness and environmental neglect. Riggs was ordered to, among other things, submit to a psychological evaluation, participate in counseling as recommended by a therapist, refrain from illegal drug use, submit to a drug-and-alcohol assessment, complete parenting classes, and obtain and maintain stable housing and employment. The circuit court set the goal of the case as reunification with a concurrent goal of adoption.
A review order was entered on September 19, 2017, following a hearing that same day. Therein, the circuit court found that Riggs had substantially complied with the court orders and case plan. The goal of the case continued as reunification as did the concurrent goal of adoption. The order indicated that a member of the Cherokee Tribe was again present at the hearing.
A second review hearing was held on December 19, 2017, and an order was entered that day. The order reflected that the representative from the Cherokee Tribe was excused at his request. The circuit court continued the goal of reunification with a concurrent goal of adoption and found that Riggs had substantially complied with the case plan and court orders and had made much progress toward alleviating or mitigating the cause of the children's removal.
On February 27, 2018, the circuit court held another review hearing and entered an order that same day. In the order, the circuit court continued the concurrent goals, although it found that Riggs had failed to comply with the case plan and court orders, as she had been arrested on new felony drug charges and was incarcerated. However, the circuit court did acknowledge that Riggs had made some progress toward alleviating the cause of the children's removal.
The circuit court held a permanency-planning hearing on April 17, 2018, and entered an order changing the goal of the case to adoption after finding the goal of reunification was no longer appropriate. The circuit court stopped visitation because of Riggs's incarceration and inability to have visitation in a "meaningful matter" but ordered visitation could resume if either parent was released. The court also found that Riggs failed to comply with the court orders or case plan as she remained incarcerated on various drug and firearms charges. For the first time, the court found that Riggs had made no progress toward mitigating or alleviating the cause of the removal. DHS filed a petition seeking to terminate the parental rights of *132 Riggs and Michael Soda, the father of the two children.[1] As to Riggs, DHS alleged the following grounds: failure to remedy, subsequent factors, and aggravated circumstances. DHS further maintained that termination of parental rights was in the best interest of the children.
On August 14, 2018, the circuit court held a hearing on DHS's termination petition. After hearing all the evidence, the circuit court granted DHS's petition to terminate Riggs's parental rights on all three grounds pled. An order was entered on September 6, and Riggs timely filed her notice of appeal on September 27.
Because Riggs is a member of the Cherokee Tribe, and both juveniles are eligible for membership in the tribe, this case is governed by the Indian Child Welfare Act (ICWA). The ICWA requires a higher evidentiary standard in cases involving the termination of parental rights than those set forth in Arkansas Code Annotated section 9-27-341(b)(3). See 25 U.S.C. §§ 1901 et seq. According to the ICWA, the party seeking to terminate parental rights shall satisfy the court that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proved unsuccessful. 25 U.S.C. § 1912(d). Moreover, no termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent is likely to result in serious emotional or physical damage to the child. 25 U.S.C. § 1912(f).
We review termination-of-parental-rights (TPR) cases de novo. Hune v. Ark. Dep't of Human Servs. , 2010 Ark. App. 543. At least one statutory ground must exist, in addition to a finding that it is in the children's best interest to terminate parental rights. Ark. Code Ann. § 9-27-341 (Supp. 2017); Kohlman v. Ark. Dep't of Human Servs. , 2018 Ark. App. 164, 544 S.W.3d 595. A best-interest finding under the Arkansas Juvenile Code must include consideration of two factors, the likelihood of adoption and potential harm. Ark. Code Ann. § 9-27-341(b)(3)(A)(i) & (ii). However, adoptability is not an essential element of proof. McDaniel v. Ark. Dep't of Human Servs. , 2013 Ark. App. 263. The statute does not require any "magic words" or a specific quantum of evidence regarding a child's adoptability but simply provides that the circuit court consider the likelihood that the child will be adopted in making its best-interest determination. Smith v. Ark. Dep't of Human Servs. , 2013 Ark. App. 753, at 7, 431 S.W.3d 364, 368-69. Potential harm must be viewed in a forward-looking manner and in broad terms, including the harm the child suffers from the lack of stability of a permanent home. Wallace v. Ark. Dep't of Human Servs. , 2015 Ark. App. 481, at 12, 470 S.W.3d 286, 293.
For termination proceedings subject to the ICWA, as is the case here, the burden of proof is beyond a reasonable doubt. Ark. Code Ann. § 9-27-325(h)(3)(B)(2) (Supp. 2017). However, our court's review is still de novo, and we will not reverse the circuit court's ruling unless its findings are clearly erroneous. Holmes v. Ark. Dep't of Human Servs. , 2016 Ark. App. 495, 505 S.W.3d 730. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made.
*133 Sharks v. Ark. Dep't of Human Servs. , 2016 Ark. App. 435, 502 S.W.3d 569. In determining whether a finding is clearly erroneous, an appellate court gives due deference to the opportunity of the circuit court to judge the credibility of witnesses. Bryant v. Ark. Dep't of Human Servs. , 2018 Ark. App. 375, 554 S.W.3d 295.
Upon reviewing the record in this case, it is clear that the main issue presented is whether there was sufficient evidence to support the circuit court's order terminating Riggs's parental rights. Based on a conscientious review of the record, counsel has determined that there is no meritorious basis on which to argue that the evidence was insufficient, either as to the grounds alleged in support of termination or as to the circuit court's finding that termination was in the children's best interests. We agree.
The purpose of terminating a parent's rights to a child is to provide permanency in the child's life where return to the family is contrary to the child's health, safety or welfare, and it appears that return cannot be accomplished in a reasonable period of time as viewed from the child's perspective. Ark. Code Ann. § 9-27-341(a)(3). Again, under the ICWA, termination of parental rights to an Indian child is permissible when "supported by evidence beyond a reasonable doubt ... that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child." 25 U.S.C. § 1912(f). The "beyond a reasonable doubt" burden required by the ICWA is more stringent than the one imposed by the Arkansas Code. Allen v. Ark. Dep't of Human Servs. , 2010 Ark. App. 608, at 8, 377 S.W.3d 491, 496. Thus, in this case, it must also be shown by proof beyond a reasonable doubt that continued custody with Riggs would result in serious emotional or physical damage to her children. See Burks v. Ark. Dep't of Human Servs. , 76 Ark. App. 71, 76, 61 S.W.3d 184, 187 (2001).
Despite this higher burden, as counsel notes, any challenge to the circuit court's determination that statutory grounds existed pursuant to Arkansas Code Annotated section 9-27-341(b)(3)(B) would be frivolous. In the instant case, the circuit court terminated Riggs's parental rights after finding that DHS had proved three separate grounds: failure to remedy, subsequent factors, and aggravated circumstances. Our court has made clear that only one ground is necessary to terminate parental rights. See, e.g. , Vail v. Ark. Dep't of Human Servs. , 2016 Ark. App. 150, 486 S.W.3d 229. We agree with counsel that any challenge to these findings would be wholly frivolous.
Riggs was arrested in January 2018 after police raided the home she shared with Soda and discovered drugs and weapons. It should be noted that this occurred after she had completed inpatient drug rehabilitation. She was incarcerated from January through June 2018. After her release, she did not seek visitation or ask DHS for assistance or further services. She was homeless for a period of time as well. Arkansas Code Annotated section 9-27-341(b)(3)(B)(ix)(a) allows for the termination of parental rights when a parent is found by the circuit court to have subjected the juvenile(s) to aggravated circumstances. "Aggravated circumstances" includes a determination that there is little likelihood that services to the family will result in successful reunification. Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)(a)(3)(B) . The circuit court did not err here, and any argument to the contrary would be without merit.
A review of the record demonstrates that there is also not a meritorious challenge *134 to be raised regarding the circuit court's best-interest finding. As noted above, the Juvenile Code requires that a best-interest finding be based on a consideration of at least two factors: the likelihood of adoptability, which is concerned with whether adoption is a viable permanency plan for the juvenile, and the potential harm caused by "continuing contact with the parent...." Ark. Code Ann. § 9-27-341(b)(3)(A). Evidence at the termination hearing was adduced to show that the children were likely to be adopted.
The testimony also showed that Riggs's homelessness, instability, drug possession, and subsequent plea to a charge of possession of drug paraphernalia prevented her from engaging in visitation with her children, and the circuit court found that these factors demonstrated that the children faced potential harm if returned to Riggs's custody. We have affirmed a circuit court's best-interest finding, in part, because a parent's overall lack of stability was evidence of potential harm. Robinson v. Ark. Dep't of Human Servs. , 2017 Ark. App. 262, 520 S.W.3d 322. Moreover, both DHS and the tribal representative from the Cherokee Tribe were in agreement that returning the children to Riggs would be detrimental to them.
In accordance with Rule 6-9(i)(1)(A), Riggs's counsel has reviewed the record for all rulings adverse to Riggs made by the circuit court on all objections, motions, and requests made by the party at the hearing from which the appeal arose. Counsel adequately set forth each adverse ruling and explained why it does not provide a meritorious basis for review; there were none. We conclude that counsel has complied with the requirements set by the Arkansas Supreme Court for no-merit petitions in termination cases.
After examining the record and the brief presented to us, we have determined that this appeal is wholly without merit. Accordingly, we affirm the termination order and grant counsel's motion to withdraw.
Affirmed; motion to withdraw granted.
Klappenbach and Brown, JJ., agree.

Soda is not a party to this appeal.