Cite as 2019 Ark. App. 352

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-19-178

| | |
|---|---|
| AMBER WESTBROOK<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD<br><br>APPELLEES | **Opinion Delivered:** September 4, 2019<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66FJV-17-490]<br><br>HONORABLE ANNIE HENDRICKS, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**RITA W. GRUBER, Chief Judge**

Counsel for Amber Westbrook brings this no-merit appeal from the Sebastian County Circuit Court's order entered on December 4, 2018, terminating her parental rights to SW, born August 2, 2017. Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), her counsel has filed a no-merit brief setting forth all adverse rulings from the termination hearing and asserting that there are no issues that would support a meritorious appeal. Counsel has also filed a motion asking to be relieved. The clerk of this court sent a copy of the brief and motion to be relieved to appellant, informing her that she had the right to file pro se points for reversal under Arkansas Supreme Court Rule 6-9(i)(3), which she has filed. We grant counsel's motion to withdraw and affirm the order terminating appellant's parental rights.

The Arkansas Department of Human Services (DHS) removed SW from appellant's custody on November 22, 2017, after appellant had been arrested on felony warrants, and SW was discovered to have unexplained bruises on his face and head. After being interviewed upon her arrest, appellant agreed to submit to a drug test, which was positive for methamphetamine, amphetamines, and opiates. SW was adjudicated dependent-neglected in January 2018 due to parental unfitness, failure to protect, and inadequate supervision.

In a review order entered on May 22, 2018, the court found that appellant had been arrested on March 18, 2018, for possession of drug paraphernalia and possession of a controlled substance and that she had admitted having used drugs before her arrest. She tested positive for THC, amphetamines, and MDMA on April 25, 2018, during her court appearance in the criminal case and was sent to jail. On August 9, 2018, appellant was found guilty of the charges and sentenced to 120 months' imprisonment.

DHS filed a petition for termination of parental rights on August 24, 2018, and the circuit court granted the petition in an order entered on December 4, 2018, finding that DHS had proved three grounds by clear and convincing evidence and that termination was in the child's best interest.

We review termination-of-parental-rights cases de novo. *Hune v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 543. At least one statutory ground must exist, in addition to a finding that it is in the children's best interest to terminate parental rights. Ark. Code Ann. § 9-27-341 (Supp. 2017); *Kohlman v. Ark. Dep't of Human Servs.*, 2018 Ark. App. 164, 544 S.W.3d 595. A best-interest finding under the Arkansas Juvenile Code must include

consideration of two factors, the likelihood of adoption and potential harm. Ark. Code Ann. § 9-27-341(b)(3)(A)(i) & (ii). However, adoptability is not an essential element of proof. *McDaniel v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 263, at 4. The statute does not require any "magic words" or a specific quantum of evidence regarding a child's adoptability but simply provides that the circuit court consider the likelihood that the child will be adopted in making its best–interest determination. *Smith v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 753, at 7, 431 S.W.3d 364, 368–69. Potential harm must be viewed in a forward–looking manner and in broad terms. *Riggs v. Ark. Dep't of Human Servs.*, 2019 Ark. App. 185, at 5–6, 575 S.W.3d 129, 132.

Counsel correctly asserts that there can be no meritorious challenge to the sufficiency of the evidence supporting the termination of appellant's parental rights. Although the circuit court found three statutory grounds for termination, only one ground is necessary to support the termination. *Campbell v. Ark. Dep't of Human Servs.*, 2017 Ark. App. 82. Counsel addresses the court's finding that appellant had been sentenced in a criminal proceeding for a period of time that would constitute a substantial period of the juvenile's life. Ark. Code Ann. § 9-27-341(b)(3)(B)(viii) (Supp. 2017). Although appellant testified that it was possible she could be released on May 25, 2020, it is the prison sentence, not the potential release date, that determines whether this statutory ground is satisfied. *Brumley v. Ark. Dep't of Human Servs.*, 2015 Ark. 356, at 7. Even if she is released in May 2020, SW will be almost three years old and will have spent all but three months of those three years out of appellant's custody. Moreover, appellant did not present any evidence that she will be prepared to

properly care for SW if she is released in May 2020. This ground supports termination of appellant's parental rights to SW, and any argument to the contrary would be without merit.

We note that the additional grounds found by the court—subsequent factors and aggravated circumstances/little likelihood—are also supported by the evidence and would not be meritorious grounds for reversal. Appellant was arrested and found guilty of drug charges after SW had been taken into DHS custody. She also became pregnant and continued to use drugs while pregnant and while SW was in foster care.

Counsel has also adequately explained why there is sufficient evidence to support the court's best-interest finding. Appellant's former caseworker testified that SW is adoptable, has no medical or mental disabilities, and is a very bright and happy child. She also testified that she is concerned with appellant's lack of stability and the emotional and psychological harm if SW were returned to her. Appellant continued to use drugs even while pregnant and knowing she had an ongoing dependency-neglect case regarding SW. The caseworker testified that even if SW were not adoptable, the risk of harm of returning him to appellant outweighed adoptability. On this record, the circuit court's finding that termination of appellant's parental rights was in SW's best interest was not clearly erroneous.

In addition, counsel has addressed several objections made by appellant's counsel on which the court did not rule. Because these were not adverse rulings, we do not discuss them. Finally, counsel addressed the issue of the circuit court's untimely orders of probable cause and adjudication, which were both entered beyond the statutorily prescribed thirty days. Ark. Code Ann. § 9-27-315(d)(3); Ark. Code Ann. § 9-27-327(f). We have held that a failure to enter a timely order does not warrant reversal or any other sanction. *Wright v.*

4

*Ark. Dep't of Human Servs.*, 2018 Ark. App. 503, at 9–10, 560 S.W.3d 827, 833; *see also Wade v. Ark. Dep't of Human Servs.*, 337 Ark. 353, 990 S.W.2d 509 (1999). We conclude that counsel has adequately set forth the adverse rulings and explained why they do not provide a meritorious basis for review.

Appellant argues in her pro se points that she has attended and completed various programs while in prison to improve her parenting, treat her substance abuse, and aid in her ability to transition to the workforce once released from prison. DHS and the attorney ad litem correctly assert that most are new arguments and cannot be made for the first time on appeal. *See, e.g.*, *Mercado v. Ark. Dep't of Human Servs.*, 2017 Ark. App. 495, at 5. We also note that appellant testified about some of these programs at the termination hearing. We will not reweigh the evidence on appeal or second-guess the court's credibility determinations. *Blasingame v. Ark. Dep't of Human Servs.*, 2018 Ark. App. 71, at 6, 542 S.W.3d 873, 877.

Based on our examination of the record and the brief presented to us, we have determined that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit appeals in termination cases, and we hold that the appeal is wholly without merit. Accordingly, we affirm the termination order and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

SWITZER and WHITEAKER, JJ., agree.

*Tabitha McNulty*, Arkansas Public Defender Commission, for appellant.

One brief only.