Cite as 2019 Ark. App. 446

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CV-19-459

| | |
|---|---|
| DANIELLE MARIE COGBURN<br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES AND MINOR<br>CHILDREN<br>APPELLEES | **Opinion Delivered:** October 16, 2019<br><br>APPEAL FROM THE CLARK<br>COUNTY CIRCUIT COURT<br>[NO. 10JV-18-1]<br><br>HONORABLE BLAKE BATSON,<br>JUDGE<br><br>AFFIRMED; MOTION TO<br>WITHDRAW GRANTED |

## RITA W. GRUBER, Chief Judge

Counsel for Danielle Marie Cogburn brings this no-merit appeal from the Clark County Circuit Court's order terminating her parental rights to KRC (born August 11, 2010); RRC (born August 11, 2010); and RD (born May 7, 2012).[1] Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), her counsel has filed a no-merit brief setting forth all adverse rulings from the termination hearing and asserting that there are no issues that would support a meritorious appeal; the sole adverse ruling was the termination. Counsel has also filed a motion asking to be relieved. The clerk of this court sent a copy of the brief and motion to be relieved to appellant, informing her that she had the right to file pro se points

---

[1]The court's order also terminated the parental rights of the children's father, Roy Ray Cogburn, Jr., but he is not a party to this appeal.

for reversal under Arkansas Supreme Court Rule 6-9(i)(3), which she has filed. We grant counsel's motion to withdraw and affirm the termination order.

Termination of parental rights is a two-step process requiring a determination that the parent is unfit and that termination is in the best interest of the child. *Houseman v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 227, at 2, 491 S.W.3d 153, 155. The first step requires proof of one or more statutory grounds for termination; the second step, the best-interest analysis, includes consideration of the likelihood that the child will be adopted and of the potential harm caused by returning custody of the child to the parent. Ark. Code Ann. § 9-27-341(b)(3)(B), (A) (Supp. 2017). Each step requires proof by clear and convincing evidence, which is the degree of proof that will produce in the finder of fact a firm conviction regarding the allegation sought to be established. *Id.* Our review is de novo. *Dunbar v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 472, at 9, 503 S.W.3d 821, 827. The appellate inquiry is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Norton v. Ark. Dep't of Human Servs.*, 2017 Ark. App. 285, at 2. In resolving the clearly erroneous question, the reviewing court defers to the circuit court because of its superior opportunity to observe the parties and to judge the credibility of witnesses. *Brumley v. Ark. Dep't of Human Servs.*, 2015 Ark. 356, at 7.

Appellant's children were taken into custody by the Arkansas Department of Human Services (DHS) on December 27, 2017, after protective services failed to remedy the

situation. When the investigator first made contact with appellant, she stumbled up the stairs and could not, or would not, follow instructions of law enforcement. She tested positive for methamphetamine, amphetamines, benzos, and THC. The family did not have appropriate housing, and there were no utilities turned on despite the freezing weather conditions. The children were dirty, unfed, and did not have appropriate clothing.

On February 5, 2018, pursuant to stipulation, the circuit court adjudicated the children dependent-neglected due to neglect and parental unfitness and set a goal of reunification. Appellant did not attend either of the three-month or six-month review hearings, and the court specifically found after both hearings that appellant had failed to comply with the case plan, had not participated in parenting classes or counseling, had not visited the children, had not submitted proof of employment, had not secured housing fit for the children, and had continued to test positive for drugs. After a hearing on September 10, 2018, the court entered an order adopting a new permanency plan and terminating reunification services, finding that there was little likelihood that services to the family would result in successful reunification. The court found that appellant continued to use drugs; had no housing, transportation, or employment; and had not proactively worked to remedy the safety issues that prevented reunification. Appellant testified that she thought she had her substance-abuse issues under control, so she had refused recommended inpatient treatment. The court changed the goal of the case to termination and adoption.

After a termination hearing on February 4, 2019, the court entered an order terminating appellant's parental rights. Counsel adequately explains why there is sufficient evidence to support the court's termination decision. The circuit court found that appellant

3

had subjected the children to aggravated circumstances in that there was little likelihood that further services to the family would result in reunification. Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)(*a*). Testimony at the hearing indicated that after the goal of the case was changed to adoption at the September 2018 hearing, appellant moved to Mountain Home and began making efforts to comply with the case plan. She began counseling, parenting classes, babysitting, and going to church. She also testified that she had been off drugs since the September hearing. She had lived with her boyfriend until a week before the termination hearing, and neither of them had a valid driver's license. Although the court recognized her last-minute efforts, the court found that termination was still in the best interest of the children. *See Henderson v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 191, at 9, 377 S.W.3d 362, 367 (holding that eleventh-hour compliance does not have to be credited by the circuit court and does not outweigh prior noncompliance). The court specifically found that the children are adoptable, in part as a result of the adoption specialist's testimony about the number of potential matches. The court also found the children would be subject to potential harm if returned to appellant due to her failure to acknowledge the gravity of her mental–health and substance-abuse issues. The court found she had demonstrated a persistent instability regarding housing and financial responsibility. We agree with counsel that there is no meritorious basis upon which to argue that the circuit court's decision to terminate appellant's parental rights was clearly erroneous.

Appellant argues in her pro se points that she has changed her life since moving to Mountain Home. She argues that the DHS caseworker "lied" on the stand that she knew anything about appellant's new life. She also stated that her children were "being sold" for

human trafficking and that DHS did not want to lose her children or the money they were making from them. Finally, she claimed that she had to beg DHS for help to complete her case plan and that they had refused to help her. We agree with DHS and the attorney ad litem that these are new arguments; thus, she is barred from raising them here. *Westbrook v. Ark. Dep't of Human Servs.*, 2019 Ark. App. 352, at 5, 584 S.W.3d 258, 261. We also recognize that appellant's arguments ignore the order terminating reunification services in September 2018 for her complete failure to comply with the case plan or orders of the court despite the reasonable efforts of DHS to provide services. Moreover, we will not reweigh the evidence on appeal or second-guess the circuit court's credibility determinations. *Id.*

Based on our examination of the record and the brief presented to us, we have determined that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit appeals in termination cases, and we hold that the appeal is wholly without merit. Accordingly, we affirm the termination order and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

HARRISON and MURPHY, JJ., agree.

*Pamela Fisk*, for appellant.

*Anna Imbeau*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor children.

5