Cite as 2021 Ark. App. 178

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CV-20-687

|  |  |
|---|---|
| MARK GARNER<br><br>      **APPELLANT**<br><br>V.<br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES AND MINOR<br>CHILD<br><br>      **APPELLEES** | **Opinion Delivered:** April 21, 2021<br><br>APPEAL FROM THE SEBASTIAN<br>COUNTY CIRCUIT COURT,<br>FORT SMITH DISTRICT<br>[NO. 66JV-18-427]<br><br>HONORABLE R. GUNNER DELAY,<br>JUDGE<br><br>AFFIRMED; MOTION TO<br>WITHDRAW GRANTED |

## RITA W. GRUBER, Judge

Counsel for Mark Garner brings this no-merit appeal from the Sebastian County Circuit Court's order terminating his parental rights to PG, born October 6, 2017.[1] Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), his counsel has filed a no-merit brief setting forth all adverse rulings from the termination hearing and asserting that there are no issues that would support a meritorious appeal. The sole adverse ruling was the termination. Counsel has also filed a motion asking to be relieved. The clerk of this court sent a copy of the brief and motion to be relieved to Garner informing him that he has the right to file pro

---

[1]Pursuant to separate proceedings and a separate order, the court also terminated the parental rights of the child's mother, Elizabeth Darnell, who is not a party to this appeal.

se points for reversal under Arkansas Supreme Court Rule 6-9(i)(3). He has filed none. We grant counsel's motion to withdraw and affirm the termination order.

Counsel has briefed the only adverse ruling in this case, which was the termination itself. Termination of parental rights is a two-step process requiring a determination that the parent is unfit and that termination is in the best interest of the child. *Houseman v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 227, at 2, 491 S.W.3d 153, 155. The first step requires proof of one or more statutory grounds for termination; the second step, the best-interest analysis, includes consideration of the likelihood that the child will be adopted and of the potential harm caused by returning custody of the child to the parent. Ark. Code Ann. § 9-27-341(b)(3) (Repl. 2020). Each of these requires proof by clear and convincing evidence, which is the degree of proof that will produce in the finder of fact a firm conviction regarding the allegation sought to be established. *Id.* Our review is de novo. *Dunbar v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 472, at 9, 503 S.W.3d 821, 827. The appellate inquiry is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Norton v. Ark. Dep't of Human Servs.*, 2017 Ark. App. 285, at 2. In resolving the clearly erroneous question, the reviewing court defers to the circuit court because of its superior opportunity to observe the parties and to judge the credibility of witnesses. *Brumley v. Ark. Dep't of Human Servs.*, 2015 Ark. 356, at 7.

PG was taken into custody by the Arkansas Department of Human Services (DHS) on October 25, 2018, after Garner was arrested for maintaining a drug premises and manufacturing, among other charges. Police seized marijuana plants that were being grown in the home, methamphetamine, and drug paraphernalia. The report noted that much of this was within PG's reach. The police department notified DHS that PG had no appropriate caretaker because PG's mother, Elizabeth, was already in jail at the time. DHS attempted to place custody with Elizabeth's parents, but they could not accept placement because they already had custody of Elizabeth's two older children. An emergency order was granted on October 29, 2018, placing custody of PG in DHS; the circuit court found PG dependent-neglected in an adjudication order entered December 11, 2018, for parental unfitness.

At the first review hearing on April 11, 2019, the court noted that Garner had been incarcerated and sentenced to thirty years' imprisonment. His circumstances had not changed as of the permanency-planning hearing held on September 3, 2019. On November 20, 2019, DHS filed a petition for termination of parental rights, and the court held a hearing on July 28, 2020.

At the hearing, Cassidy Pickel, the DHS caseworker assigned to the case, testified that the petition for termination was based on Garner's recent twenty-five-year sentence of imprisonment on a multitude of charges. She stated that it was not possible to reunify PG with her father while he is serving time in prison. She also opined that PG is adoptable, has no medical issues, and is "pretty much a perfect child." She said PG had been in the same foster home during the entire case and was doing "fantastic." Garner testified that he

expected a parole date of July 2025, but he could not say definitively when he would be paroled.

The court found two grounds for termination supported by clear and convincing evidence: (1) Garner had been sentenced in a criminal proceeding for a period of time that would constitute a substantial period of PG's life—specifically, the court found that he was sentenced on April 5, 2019, to twenty-five years in the Arkansas Department of Correction; and (2) Garner had subjected PG to aggravated circumstances in that there is little likelihood that services to the family will result in successful reunification because there were no services DHS could offer Garner that would result in a successful reunification. The court, having considered adoption and potential harm, also found that termination was in PG's best interest.

Counsel correctly asserts that there can be no meritorious challenge to the sufficiency of the evidence supporting the termination of Garner's parental rights. Although the circuit court found two statutory grounds for termination, only one ground is necessary to support the termination. *Campbell v. Ark. Dep't of Human Servs.*, 2017 Ark. App. 82. Counsel addresses the court's finding that Garner had been sentenced in a criminal proceeding for a period of time that would constitute a substantial period of the juvenile's life. Ark. Code Ann. § 9-27-341(b)(3)(B)*(viii)*. Although Garner testified that it was possible he could be released on parole in 2025, it is the prison sentence, not the potential release date, that determines whether this statutory ground is satisfied. *Brumley v. Ark. Dep't of Human Servs.*, 2015 Ark. 356. Moreover, even if he is released in 2025, PG will be almost eight years old and will have spent all but the first of those eight years out of Garner's custody. This ground

4

supports termination of Garner's parental rights to PG, and any argument to the contrary would be without merit.

Counsel has also adequately explained why there is sufficient evidence to support the court's best-interest finding. Garner's caseworker presented uncontroverted testimony that PG is adoptable, has no medical issues, and is "pretty much a perfect child." She also testified that Garner was convicted of drug charges—one of which was for manufacture of drugs on the premises, which would create a risk of harm for PG if returned to Garner. On this record, the circuit court's finding that termination of Garner's parental rights was in PG's best interest was not clearly erroneous.

Having examined the record and the brief presented to us, we have determined that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit appeals in termination cases, and we hold that the appeal is wholly without merit. Accordingly, we affirm the termination order and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

HARRISON, C.J., and ABRAMSON, J., agree.

*Leah Lanford*, Arkansas Commission for Parent Counsel, for appellant.

One brief only.