Cite as 2023 Ark. App. 10

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CV-22-323

|  |  |
|---|---|
| TEASHA EDD<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN<br>APPELLEES | Opinion Delivered January 18, 2023<br><br>APPEAL FROM THE MILLER COUNTY CIRCUIT COURT<br>[NO. 46JV-21-50]<br><br>HONORABLE CARLTON D. JONES, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## RITA W. GRUBER, Judge

Counsel for Teasha Edd brings this no-merit appeal from the Miller County Circuit Court's order entered on February 22, 2022, terminating appellant's parental rights to her two children—MC1, born March 28, 2012; and MC2, born March 17, 2013. Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), her counsel has filed a no-merit brief setting forth all adverse rulings from the termination hearing and asserting that there are no issues that would support a meritorious appeal. Counsel has also filed a motion asking to be relieved. The clerk of this court sent a copy of the brief and motion to be relieved to appellant, informing her that she has the right to file pro se points for reversal under Arkansas Supreme Court Rule 6-9(i)(3). The packet was returned to the clerk's office as undeliverable, and

appellant has not filed any pro se points. We grant counsel's motion to withdraw and affirm the order terminating appellant's parental rights.

On April 6, 2021, the Arkansas Department of Human Services ("DHS") exercised an emergency hold on the children due to physical injuries inflicted on MC2 by appellant. The affidavit attached to the request for the emergency hold stated that appellant had whipped MC2 with an extension cord so severely that the child had extensive bruising, blistering welts, and bleeding sores on his back. MC2 had also reported that appellant bit his hand so hard that he could not bend it backward. Appellant admitted that she was very angry when she "whooped" MC2. The DHS investigator interviewed the children at their home in Texarkana on the evening of March 26, 2021, and the children said they were home alone with no phone while their mother was at work. Appellant then spoke on the phone with appellant, who told the investigator that she works an hour away at Pilgrim's Pride in De Queen seven nights a week from 3:30 p.m. to 1:30 a.m. Appellant said that her boyfriend occasionally supervises the children while she is at work. The children said that the boyfriend smokes something other than cigarettes in the home; appellant stated that he smokes THC. Appellant said she disciplines the children by "whooping" them with a leather belt, making them squat on the wall for twenty minutes, or sending them to their rooms for a few days.

After a hearing in June, the children were adjudicated dependent-neglected due to "abuse, neglect, and parental unfitness." Appellant was not at the hearing. The court specifically found that the allegations were true and that appellant "abused" MC2. The court

also found that she subjected them to inadequate supervision by leaving them alone and in a dangerous situation.

In October, the court granted DHS's motion to terminate reunification services. Appellant did not attend the hearing on the motion. The court found by clear and convincing evidence that there was little likelihood that services to the family would result in successful reunification and that appellant had committed a felony battery resulting in serious bodily injury to MC2. The court noted that appellant was staying with a friend, was unemployed, and was not communicating with DHS or the children. The court found that appellant had pleaded guilty to second-degree domestic battery stemming from the injuries sustained by MC2 and had been sentenced to eight years' probation during which she could have no contact with MC2.

DHS filed a petition for termination of parental rights on November 2, 2021, and the circuit court granted the petition in an order entered on February 22, 2022, finding that DHS had proved by clear and convincing evidence grounds for termination and that termination was in the children's best interest. Specifically, the court found (1) aggravated circumstances in that that there was little likelihood that further services would result in successful reunification and (2) that appellant had committed a felony battery that resulted in serious bodily injury to MC2.

We review termination-of-parental-rights cases de novo. *Hune v. Ark. Dep't of Hum. Servs.*, 2010 Ark. App. 543. At least one statutory ground must exist, in addition to a finding that it is in the children's best interest to terminate parental rights. Ark. Code Ann. § 9-27-

3

341 (Supp. 2021); *Kohlman v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 164, 544 S.W.3d 595. A best-interest finding under the Arkansas Juvenile Code must include consideration of two factors: the likelihood of adoption and potential harm. Ark. Code Ann. § 9-27-341(b)(3)(A)(i) & (ii). However, adoptability is not an essential element of proof. *McDaniel v. Ark. Dep't of Hum. Servs.*, 2013 Ark. App. 263. The statute does not require any "magic words" or a specific quantum of evidence regarding a child's adoptability but simply requires that the circuit court consider the likelihood that the child will be adopted in making its best-interest determination. *Smith v. Ark. Dep't of Hum. Servs.*, 2013 Ark. App. 753, at 7, 431 S.W.3d 364, 368–69. Potential harm must be viewed in a forward-looking manner and in broad terms. *Riggs v. Ark. Dep't of Hum. Servs.*, 2019 Ark. App. 185, at 6, 575 S.W.3d 129, 132.

Counsel correctly asserts that the only adverse ruling was the termination itself and that there can be no meritorious challenge to the sufficiency of the evidence supporting the termination of appellant's parental rights. Counsel does not address the merits of the court's findings but states that neither of the aggravated-circumstances grounds has been preserved. She contends that a finding that there was little likelihood that further services would result in successful reunification was made in the order terminating reunification services and was not appealed and that a finding of abuse was made in the adjudication order and not appealed. She argues that this court cannot review adverse rulings that were made in a previous order and not appealed.

4

In the order terminating reunification services entered October 26, 2021, the circuit court found two grounds by clear and convincing evidence: (1) little likelihood that services to the family will result in successful reunification; and (2) appellant committed a felony battery that resulted in serious bodily injury to MC2. In the adjudication order, the circuit court found that appellant had abused MC2. In its order terminating appellant's parental rights, the court found as grounds for termination that appellant had committed a felony battery that resulted in serious bodily injury to MC2 and aggravated circumstances in that that there was little likelihood that further services would result in successful reunification. Appellant did not designate either of these orders, the adjudication order or the order terminating reunification services, in her notice of appeal or provide the transcript for either hearing. Thus, any argument challenging these findings is waived. *See Coulter v. Minor Child*, 2021 Ark. App. 398, at 15, 636 S.W.3d 377, 387. Because of this, we are precluded from reviewing these findings.

Moreover, we may affirm without requiring rebriefing even where counsel fails to address a statutory ground if the adverse ruling would clearly not present a meritorious ground for review. *Viele v. Ark. Dep't of Hum. Servs.*, 2022 Ark. App. 430 (citing *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877). It is undisputed that appellant committed a felony battery resulting in serious bodily injury to MC2. She pleaded guilty to second-degree domestic battery stemming from the injuries sustained by MC2 and was sentenced to eight years' probation during which she can have no contact with MC2. Only one ground is necessary

to affirm the termination. *Lloyd v. Ark. Dep't of Hum. Servs.*, 2022 Ark. App. 461, 655 S.W.3d 534. Thus, we hold that there is no merit to an appeal of the grounds for termination.

Counsel also contends it would be frivolous to seek reversal of the circuit court's best-interest findings. She points to testimony by an adoption specialist that the children are adoptable. Regarding potential harm, she notes that appellant pleaded guilty to felony battery for injuries to MC2 and that appellant is prohibited from having any contact with MC2 for eight years. Moreover, appellant made little effort to participate in the case plan. We hold that counsel has adequately explained why there is sufficient evidence to support the court's best-interest finding and that there is no basis for a meritorious appeal on this issue.

We grant counsel's motion to withdraw and affirm the order of termination.

Affirmed; motion to withdraw granted.

BARRETT and MURPHY, JJ., agree.

*Leah Lanford*, Arkansas Commission for Parent Counsel, for appellant.

One brief only.